**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DELEON ALEXANDER,

    Petitioner,

v.                                                       Case No. 11-13841

DEBRA SCUTT,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner DeLeon Alexander filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his Wayne Circuit Court jury trial conviction for delivery of a controlled substance causing death, Mich. Comp. Laws § 750.317a, and delivery of under fifty grams of a controlled substance, Mich. Comp. Laws § 333.74012(A)(iv). The petition raises four grounds for relief. Respondent filed an answer that asserts, in part, that the petition was filed after expiration of the one-year statute of limitations. For the reasons set forth, the court will dismiss the petition as untimely.

## I. BACKGROUND

On October 25, 2007, following his convictions, Petitioner was sentenced to concurrent prison terms of 11-to-20 years and 3-to-20 years. At the sentencing hearing, Petitioner was given a form advising him of his appellate rights. The bottom portion of the form has two places for signatures. Petitioner signed and dated the first portion of the form, which read: "On this day I received this form and financial schedule. I

understand that I must return the completed Request for Appointment of Attorney to the Court within 42 days if I want an attorney appointed for me." (Dkt. # 8-20.)  The lower portion of the form contains the request for the appointment of appellate counsel.  This portion of the form was not signed by Petitioner.

On November 2, 2007, the trial court heard a motion for directed verdict of acquittal filed by Petitioner's trial counsel.  The trial court denied the motion on the same date.

On November 26, 2008, Petitioner sent a letter to the trial court inquiring about the status of his appeal.  The letter also apparently contained a copy of the appellate rights form provided to him at sentencing.  On this copy of the form, Petitioner signed the bottom portion, requesting the appointment of counsel, and back-dated it November 1, 2007.  (Dkt. # 8-23.)  Another copy of the form appears in the file and is signed and dated November 26, 2008.  (Dkt. # 8-22.)  Petitioner's affidavit, which he attached to the present petition, states that at the sentencing hearing Petitioner thought that he signed the necessary form to assert his appellate rights.  He does not allege that he sent in a completed form requesting appellate counsel on November 1, 2007.

The trial court entered an order appointing Jonathon B.D. Simon as appellate counsel on December 22, 2008.  The order states that appellate counsel was requested by Petitioner on December 19, 2008.  (Dkt. # 8-19.)

Petitioner's appellate counsel filed a motion for relief from judgment on May 1, 2009.  The motion did not allege that Petitioner had filed a timely request for the appointment of appellate counsel.  The motion raised the same four claims presented by Petitioner in the instant action.

The trial court denied the motion for relief from judgment by opinion and order dated November 2, 2009. Petitioner then filed an application for leave to appeal with the Michigan Court of Appeals. On December 29, 2009, the Michigan Court of Appeals denied Petitioner's application. *People v. Alexander*, No. 295124 (Mich. Ct. App. Dec. 29, 2009). Petitioner appealed this order, but on September 27, 2010, the Michigan Supreme Court denied leave to appeal. *People v. Alexander*, No. 140601 (Mich. Sup. Ct. Sept. 27, 2010).

On September 2, 2009, Petitioner filed his habeas petition in this court. The petition was signed and dated on August 29, 2011, and raises the following claims:

> I. The evidence adduced at trial was insufficient to establish beyond a reasonable doubt that [Petitioner's] act of delivering cocaine to Stephanie Brown "solely caused" the death of Stephanie Brown.
>
> II. Failure to instruct the jury, that to convict him, it must find proof that his actions both factually and proximately caused the death.
>
> III. Double jeopardy arising from a single delivery and a single death violates the federal and state protections against double jeopardy.
>
> IV. Resentencing due to improperly scored guidelines.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year period of limitation for a habeas petition filed by a state prisoner seeking habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation runs from one of four specified dates, usually either the day when the judgment becomes final by the conclusion of direct review or the day when the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A). The limitation period is tolled while "a properly filed

application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

The limitation period began to run in this action when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner did not file a direct appeal. Under the Michigan court rules in effect at the time of Petitioner's conviction, the expiration of the time for seeking such review occurred one year after the trial court denied his motion for judgment of acquittal on November 2, 2007. Mich. Ct. R. 7.205(F)(3)(b). His conviction, therefore, became final on November 2, 2008.

The limitations period began to run the next day, and it continued to run until Petitioner filed a motion for relief from judgment with the trial court on May 1, 2009. *See* 28 U.S.C. § 2244(d)(2). Thus, 179 days ran on the limitations period between the expiration of time for seeking direct review and Petitioner filing his state petition for post-conviction review.

The limitations period was tolled under § 2244(d)(2) from the time Petitioner filed his state post-conviction review proceeding until the date relief was denied by the Michigan Supreme Court on September 27, 2010. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). It is important to understand that the state court proceeding merely tolled the limitations period; it did not restart the one-year clock. *See McMurray v. Scutt*, 136 F. App'x 815, 817 (6th Cir. 2005) (*citing Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)). The limitations period started running again the day after the Michigan Supreme Court denied relief, and it continued running until Petitioner commenced the

4

present action by signing his habeas petition and placing it in the prison mail system on August 29, 2011, a period of 335 days.

Adding the two periods together in which the statute of limitations ran, 514 days—substantially more than one year—passed before Petitioner commenced this action. The petition was therefore untimely filed.

The AEDPA limitation is subject to equitable tolling in appropriate cases. *Holland v. Florida*, __ U.S. __ , 130 S. Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner alleges that his failure to seek direct review of his conviction resulted from the failure of the trial court to appoint him appellate counsel despite his request on the date of sentencing. Petitioner has attached an affidavit to his petition claiming that he thought by signing the top of the form at sentencing he had done all he was required to do to commence his direct appeal. He states that he did not understand that he had to also sign the bottom portion of the form. The sentencing transcript shows, however, that Petitioner was fully advised of his rights related to an appeal and how to pursue one. The language on the form is clear about the requirement to sign the bottom portion of the form to request the appointment of counsel. The record shows that Petitioner signed only the portion of the form acknowledging notice of his appellate rights, but he did not sign the portion of the form indicating his desire to exercise those rights. A Petitioner's ignorance does not justify tolling. *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001).

Moreover, Petitioner has failed to offer any explanation as to why the trial court's alleged failure to timely appoint appellate counsel prevented him from filing his federal habeas petition until August 29, 2011, some eleven months after the Michigan Supreme Court rejected his post-conviction appeal. By the time Petitioner filed for state post-conviction review, only 179 days had run on the limitations period. He had ample time after the completion of state post-conviction review—189 days—to timely file his federal habeas petition, yet Petitioner waited eleven months to do so.

In *Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002), the Sixth Circuit held that the state trial court's alleged failure to give petitioner notice of his appeal rights at sentencing, its failure to timely appoint counsel to perfect a belated appeal, and its delay in the preparation of the trial transcripts for an unspecified amount of time did not toll the limitations period. Although acknowledging that these actions may have interfered with the petitioner's direct appeals in the state courts in the early 1990's, the Sixth Circuit held that the petitioner was not entitled to equitable tolling because he failed to explain why these actions prevented him from filing his habeas petition until well after he completed state post-conviction review.

Petitioner is not entitled to equitable tolling because of any failure on the part of the trial court to timely appoint appellate counsel as Petitioner's eleven-month delay between the conclusion of his state post-conviction proceedings and the filing of his habeas petition shows a lack of due diligence on his part. *See McClendon v. Sherman*, 329 F.3d 490, 495 (6th Cir. 2003).

A final question is whether the period of limitations should be equitably tolled for actual innocence. "[C]onstitutional concerns counsel in favor of upholding equitable

tolling based on a credible claim of actual innocence." *Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005). Any "actual innocence" exception to the AEDPA's statute of limitations is rendered inapplicable here in light of the fact that Petitioner pleaded *nolo contendere* to the charges that he challenges in this petition. *See Reeves v. Cason*, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005).

### III. CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Having undertaken the requisite review, the court concludes that jurists of reason could not find to be debatable the court's procedural ruling that the petition is untimely.

### IV. CONCLUSION

Accordingly, IT IS ORDERED that the petition for a writ of habeas corpus [Dkt. # 1] is DENIED, and the case is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

7

IT IS FURTHER ORDERED that permission to proceed on appeal *in forma pauperis* is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: March 29, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 29, 2013, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522